# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

---

ROBERT PATRON, individually and on behalf
of all others similarly situated,

               Plaintiff,

KEVIN M. DOTTS and KEITH SOLDAN,

               Defendants.

---

Case No. 1:19-cv-05362-PGG

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "Stipulation"), dated June 8, 2020, is entered into

among Lead Plaintiff  Robert Patron ("Lead Plaintiff") (on behalf of himself and each of the

other Settlement Class Members), and Defendants Kevin Dotts ("Dotts") and Keith Soldan

("Soldan") (the "Defendants"), and former defendant Matthew Rosen ("Rosen") (collectively

with Defendants, the "Settling Defendants"), through their respective counsel of record relating

to the above-captioned litigation. This Stipulation is intended to fully, finally and forever resolve,

discharge and settle all claims asserted in the Action against Settling Defendants subject to the

approval of the United States District Court for the Southern District of New York (the "Court")

as set forth herein.  Capitalized terms have the meaning given each such term in Section II.B

hereof.

## I.     THE LITIGATION

### A.     Procedural History of the Litigation

On June 7, 2019, Plaintiff Grand Slam Capital Master Fund, Ltd.  filed a securities fraud

class action complaint (Dkt. No. 1) in the United States District Court for the Southern District of

New York against the Settling Defendants[1] asserting claims under Sections §§10(b) and 20(a) of the Exchange Act, 15 U.S.C. §§78j(b) & 78t(a), and Rule 10b-5 promulgated thereunder by the Securities and Exchange Commission ("SEC"), 17 C.F.R. §240.10b-5, alleging that the Settling Defendants made material misstatements and omissions during the Settlement Class Period.

By Order dated July 23, 2019 (Dkt. No. 27), Robert Patron was appointed Lead Plaintiff and The Rosen Law Firm, P.A. was appointed Lead Counsel. On December 6, 2019, Lead Plaintiff filed the First Amended Complaint (Dkt. No. 40) against the Defendants, asserting claims under Sections §§10(b) and 20(a) of the Exchange Act, and SEC Rule 10b-5 alleging that the Defendants made material misstatements and omissions during the Settlement Class Period.

On January 21, 2020, the Defendants filed their motion to dismiss the Action (Dkt. No. 44).

On March 10, 2020, counsel for Lead Plaintiff, Defendants, and Defendants' insurance carriers participated in a full-day mediation before Jed Melnick, Esq. of Judicial Arbitration and Mediation Services ("JAMS"). After subsequent continued negotiations, the Settling Parties reached an agreement to settle the Action, which they memorialized in a Term Sheet dated March 31, 2020 (the "Term Sheet").

**B.    Lead Plaintiff's Assessment of the Claims and Benefits of Settlement**

Lead Plaintiff believes that the claims asserted in the Action have merit and support his claims. Additionally, Lead Counsel is familiar with the applicable law underlying the alleged claims and believes that any defenses Defendants raise can be refuted and overcome.

Nonetheless, Lead Plaintiff and Lead Counsel recognize the expense and length of any further prosecution of the Action through completion of discovery, trial, and appeals. Lead

---

[1] Rosen was named as a defendant in the original Complaint, but was not named as a defendant in the Amended Complaint filed on December 6, 2019.

Plaintiff and Lead Counsel are also mindful of inherent problems of proof, possible defenses to

the violations asserted in the litigation, and practical impediments to judgment enforcement.

Lead Plaintiff and Lead Counsel, based upon their thorough evaluation, believe that the

Settlement is fair, reasonable, and adequate and in the best interests of the Settlement Class

Members and that it confers substantial benefits upon the Settlement Class Members.  Lead

Plaintiff and Lead Counsel shall use their best efforts to obtain final Court approval of this

Stipulation and the Settlement contained herein.

### C.    Settling Defendants' Denials of Wrongdoing

The Settling Defendants have denied and continue to deny, *inter alia*, that they engaged

in any wrongdoing of any kind, including, without limitations, that they violated or breached any

law, regulation or duty owed to Lead Plaintiff or the Settlement Class, that their public

statements were misleading; that they failed to disclose any material information to investors;

that they acted in any deceitful manner; that any investment losses sustained by Lead Plaintiff

and the Settlement Class were caused by Settling Defendants' alleged misconduct, and that they

have liability as a result of any and all allegations made in the Action.

Nonetheless, taking into account the uncertainty and risks inherent in any litigation,

especially in complex cases such as this one, the Settling Defendants have concluded that further

litigation of the Action would be protracted, burdensome, and expensive, and that it is desirable

and beneficial that the Released Claims be fully and finally settled and terminated in the manner

and upon the terms and conditions set forth in this Stipulation.

## II.    TERMS OF STIPULATION AND AGREEMENT OF SETTLEMENT

### A.    Introduction

NOW, THEREFORE, IT IS HEREBY STIPULATED AND AGREED by and among

Lead Plaintiff, the Settlement Class, and each of them, and the Settling Defendants, and each of

them, by and through their respective undersigned counsel or attorneys of record that, subject to approval of the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure, in consideration of the benefits flowing to the Settling Parties from the Settlement set forth herein, the Action and the Released Claims shall be finally and fully compromised, settled and released, and the Action shall be dismissed with prejudice, as to all Settling Parties, upon and subject to the terms and conditions of this Stipulation.

### B. Definitions

As used in this Stipulation, the following terms have the meanings specified below:

1.0 "Action" means case *Patron v. Dotts and Soldan*, Case No. 1:19-cv-05362-PGG (originally captioned as *Grand Slam Master Fund, Ltd. v. Rosen*), pending in the United States District Court for the Southern District of New York, and including any and all complaints filed in this Action.

1.1 "Authorized Claimant" means a Settlement Class Member who submits a timely and valid Proof of Claim Form in accordance with the requirements established by the Court and whose claim for recovery has been allowed pursuant to the terms of this Stipulation.

1.2 "CAFA Notice" means the proper notice of this Settlement that counsel for the Settling Defendants shall serve upon the United States Attorney General and each State Attorney General, in accordance with the Class Action Fairness Act ("CAFA"), no later than ten (10) calendar days after this Stipulation is filed with the Court. Simultaneously, the Settling Defendants shall provide a copy of such notice as well as proof of service of such notice to Lead Counsel.

1.3 "Claimant" means a Settlement Class Member who submits a Proof of Claim in such form and manner, and within such time, as the Court shall prescribe.

DocuSign Envelope ID: 3515185E-49EF-4708-8B78-AB015A68C0D2

1.4    "Claims Administrator" means Strategic Claims Services ("SCS"), the firm retained by Lead Counsel to administer the Settlement, including sending a mailed Notice to Settlement Class Members in the form of Exhibit A-4 hereto, or emailing Notice to Settlement Class Members, arranging for publication of Notice in the form of Exhibit A-3 hereto, processing claims, and performing such other administrative functions as are required under this Stipulation.

1.5    "Court" means the United States District Court for the Southern District of New York.

1.6    "Defendant Claims" means any and all counterclaims and bases for relief, whether known or Unknown Claims, that the Settling Defendants, the Released Parties, or any of their current or former officers and directors, could have raised in the Action against Lead Plaintiff, Plaintiff's Counsel, or any Settlement Class Member, whether arising under state, federal, common, or foreign law, including but not limited to those related to or arising from the commencement and prosecution of the Action (except for claims to enforce the Settlement) and claims for violations of Fed. R. Civ. P. 11 or any other fee or cost-shifting claim.

1.7    "Effective Date" means the first date by which all of the events and conditions specified in ¶ 8.0 of this Stipulation have occurred and/or been met.

1.8    "Escrow Account" means an interest-bearing escrow account established by the Escrow Agent. The Escrow Account shall be managed by the Escrow Agent, subject to the Court's supervisory authority, for the benefit of Lead Plaintiff and the Settlement Class in accordance with the terms of this Stipulation and any order of the Court.

1.9    "Escrow Agent" means Strategic Claims Services or its appointed agents. The Escrow Agent shall perform the duties as set forth in this Stipulation and any order of the Court.

1.10    "Exchange Act" means the Securities Exchange Act of 1934, as amended.

1.11    "Fee and Expense Application" shall have the definition as set forth herein in § II.H., *infra*.

1.12    "Fee and Expense Award" shall have the definition as set forth herein in § II.H., *infra*.

1.13    "Final," with respect to the Settlement, means that (i) the Court has entered an order finally approving the Settlement in all material respects, including but not limited to certifying a Settlement Class for settlement purposes only, approving the scope of the Releases, and entering the Judgment; and (ii) the time to appeal has expired or the Judgment has been affirmed in all respects in any appeal or review and is no longer subject to further appeal or review. However, the Settlement and the degree to which it is Final are expressly not conditioned upon the Court's approval of a Fee and Expense Award to Lead Counsel or compensatory award to Plaintiffs or any appeals solely related thereto.

1.14    "Judgment" means the Order and Final Judgment to be entered by the Court approving the Settlement, certifying the Settlement Class for settlement purposes only, approving the release of the Released Claims, and dismissing the Released Claims with prejudice and without costs to any party, substantially in the form attached hereto as Exhibit B or in similar form adopted by the Court.

1.15    "Lead Counsel" means The Rosen Law Firm, P.A.

1.16    "Net Settlement Fund" means the Settlement Fund less any Taxes and Tax Expenses, any Fee and Expense Award to Lead Counsel, any compensatory award to Lead Plaintiff or any Settlement Class Member  approved by the Court, and Notice & Administration Costs.

DocuSign Envelope ID: 3515185E-49EF-4708-8B78-AB015A68C0D2

1.17    "Notice" means collectively, the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice"), the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice"), and the Postcard Notice, which are to be made available to Settlement Class Members substantially in the forms attached hereto as Exhibits A-1, A-3, and A-4 on the Claims Administrator's website and/or mailed or emailed to Settlement Class Members.

1.18    "Notice & Administration Costs" means the costs and expenses reasonably and actually incurred by, and the reasonable fees charged by, the Claims Administrator in connection with notice dissemination and claims administration upon presentation of customary invoices therefor, which invoices have been approved by Lead Counsel, including, without limitation: the cost of identifying and locating members of the Settlement Class; mailing Postcard Notice and publishing the Summary Notice (such amounts shall include, without limitation, the actual costs of publication in national newswires, printing and mailing the Postcard Notice, and reimbursement to nominee owners for forwarding notice to their beneficial owners), soliciting claims from Settlement Class Members, assisting with the filing of claims, processing Proof of Claim and Release Forms, administering and distributing the Net Settlement Fund to Authorized Claimants, and paying escrow fees and costs, if any.

1.19    "Person" means an individual, corporation, partnership, limited partnership, association, joint stock company, estate, legal representative, trust, unincorporated association, government or any political subdivision or agency thereof, and any business or legal entity and their heirs, successors-in-interest, or assigns.

1.20    "Plaintiff's Counsel" means Lead Counsel and Wolf Haldenstein Adler Freeman & Herz LLP who, at the direction and under the supervision of Lead Counsel, performed services on behalf of the Settlement Class in the Action.

1.21    "Plan of Allocation" means a plan or formula for allocating the Net Settlement Fund to Authorized Claimants, to be designed by Lead Counsel in its sole discretion, subject to the approval of the Court.  Any Plan of Allocation is not part of this Stipulation and Settling Defendants shall have no responsibility or liability with respect thereto.

1.22    "Preliminary Approval Order" means an order by the Court, as set forth as Exhibit A hereto, certifying the Settlement Class for settlement purposes only, preliminarily approving the Settlement, and authorizing Notice thereof to the Settlement Class and related matters.

1.23    "Postcard Notice" means the postcard notice to be sent to Settlement Class Members substantially in the form attached hereto as Exhibit A-4, and which shall contain information relating to, among other things, how to access the Long Notice, this Stipulation, and file a Proof of Claim.

1.24    "Proof of Claim" means the Proof of Claim and Release Form to be submitted by Claimants, substantially in the form attached as Exhibit A-2.

1.25    "Summary Notice" means the Summary Notice of Pendency and Proposed Settlement of Class Action to be published on a national business newswire, substantially in the form attached as Exhibit A-3.

1.26    "Released Claims" means the Settlement Class Claims and the Defendant Claims.

1.27    "Released Parties" means Settling Defendants Dotts, Soldan, and former Defendant Rosen; and Fusion Connect, Inc.'s ("Fusion") insurance carrier(s).

1.28    "Releases" means the release of Released Claims against Released Parties pursuant to ¶¶ 5.0–5.2.

1.29    "Releasing Parties" means the Lead Plaintiff and the Settlement Class Members.

1.30    "Settlement" means the settlement contemplated by this Stipulation.

1.31    "Settlement Account" means an interest-bearing escrow account established by the Escrow Agent to receive the Settlement Amount.

1.32    "Settlement Amount" means the Settlement consideration being paid by the insurance carrier for the Settling Defendants in the principal amount of eight hundred thousand U.S. dollars (U.S. $800,000).

1.33    "Settlement Class" means, for purposes of this Settlement only, all persons or entities who purchased Fusion common stock during the Settlement Class Period. Excluded from the Settlement Class are the Settling Defendants, any officer or director of Fusion or Birch Communications Holdings, Inc. during the Settlement Class Period, and the successors, heirs, and members of immediate families, assigns, and any entity in which any of the Settling Defendants, or any person excluded under this subsection, has or had a majority ownership interest at any time. Also excluded from the Settlement Class are those Persons who (i) suffered no compensable losses, (ii) submit a request for exclusion from the Settlement Class in such form and manner, and within such time, as the Court shall prescribe.

1.34    "Settlement Class Claims" means any and all claims, rights, demands, suits, liabilities, or causes of action, in law or in equity, accrued or unaccrued, fixed or contingent, direct, individual or representative, of every nature and description whatsoever, under federal, state, local, foreign law, or any other law, rule, or regulation, both known and Unknown Claims alleged or which could have been alleged by Lead Plaintiff or any other Settlement Class

Member in the Action against the Settling Defendants or against any other of the Released

Parties, or in any court of competent jurisdiction or any other adjudicatory tribunal, that arise out

of, are based upon, in any way related to, or are in consequence of any of the facts, allegations,

transactions, matters, events, disclosures, non-disclosures, occurrences, representations,

statements, acts, omissions, or failures to act that were involved, set forth, or referred to in any of

the complaints filed in the Action, or that otherwise would have been barred by res judicata had

the Action been fully litigated to a final judgment; *and* (ii) relate to the purchase or sale of

Fusion common stock during the Settlement Class Period. Provided, however, that Settlement

Class Claims do not include (i) any claims relating to the enforcement of the Settlement, or (ii)

any claims of any person or entity who or which submits a request for exclusion that is accepted

by the Court.

     1.35   "Settlement Class Member" means a person or entity that is a member of the

Settlement Class that does not exclude himself, herself or itself by filing a request for exclusion

in accordance with the requirements set forth in the Notice.  "Settlement Class Members" means

all such Persons.

     1.36   "Settlement Class Period" means the period between May 11, 2018 and April 2,

2019, both dates inclusive.

     1.37   "Settlement Distribution Order" means the Order approving the Claims

Administrators' administrative determinations concerning the acceptance and rejection of the

claims submitted by potential Settlement Class Members; approving of any fees and expenses

not previously applied for, including the fees and expenses of the Claims Administrator; and

directing the distribution of the Net Settlement Fund to Authorized Claimants.

1.38    "Settlement Fairness Hearing" means a hearing to be held before the Court to determine whether the proposed Settlement of the Action on the terms and conditions provided for in this Stipulation is fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; to determine whether the Judgment as provided in the Stipulation should be entered; to determine whether the proposed Plan of Allocation should be approved; to determine any amount of fees, costs and expenses that should be awarded to Lead Counsel (to be distributed by Lead Counsel, in Lead Counsel's discretion, to any other counsel who contributed to the outcome obtained by Lead Plaintiff for the Settlement Class) for their efforts and any compensatory awards that should be awarded to Lead Plaintiff for his service to the Settlement Class; to hear any objections by Settlement Class Members to this Stipulation, Plan of Allocation, or any award of fees and expenses to Lead Counsel or compensatory award to Lead Plaintiff; and to consider such other matters as the Court may deem appropriate.

1.39    "Settlement Fund" means the Settlement Amount before any of the expenditures authorized herein, the payment of which will reduce it as described in the Net Settlement Fund definition, *supra*.

1.40    "Settling Defendants" means Defendants Dotts, Soldan, and former defendant Rosen.

1.41    "Settling Parties" means Lead Plaintiff, on behalf of himself and the Settlement Class Members, and the Settling Defendants.

1.42    "Taxes" and "Tax Expenses" means: (1) all federal, state, and/or local taxes of any kind on any income earned by the Settlement Fund, together with any interest, penalties, or additions to tax imposed with respect to them; and (ii) the reasonable and necessary costs and expenses incurred in connection with the implementation of ¶ 2.8 of this Stipulation, including,

without limitation, the reasonable and necessary costs and expenses of tax attorneys and accountants.

      1.43   "Unknown Claims" means and includes (i) any and all Settlement Class Claims that Lead Plaintiff or any Settlement Class Member do not know or suspect to exist in his, her or its favor at the time of the release of the Released Parties which, if known by him, her or it, might have affected his, her or its decision(s) with respect to the Settlement; and (ii) any and all Defendant Claims that any Settling Defendant or Released Party does not know or suspect to exist in his, her, its favor, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement.  With respect to the Released Claims, the Settling Parties stipulate and agree that upon the Effective Date, Lead Plaintiff and the Settling Defendants shall expressly waive, and each Settlement Class Member and Released Party shall be deemed to have waived, and by operation of the Judgment shall have expressly waived any and all provisions, rights and benefits conferred by any law of any state or territory of the United States or principle of common law, that is similar, comparable, or equivalent to California Civil Code § 1542, which provides:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his or her favor at the time of executing the release, which if known by him or her must have materially affected his or her settlement with the debtor.

The Settling Parties acknowledge, and the Settlement Class Members and the Released Parties by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Settlement Class Claims and Defendant Claims was separately bargained for and a material element of the Settlement.

### C.    The Settlement

#### a.    Settlement Amount

2.0    In consideration of the full and final settlement of the Released Claims, Fusion's insurance carriers shall pay or cause to be paid the Settlement Amount to the Escrow Agent for deposit into the Settlement Fund within twenty-one (21) business days after the later of (i) the Court granting Preliminary Approval of the Settlement, and (ii) the receipt by Fusion's counsel of complete payment instructions and a Form W-9 providing the tax identification number for the Escrow Account.  The Settling Defendants have represented that Fusion has a contract in place with its insurance carrier(s) obligating such carrier(s) to pay the full Settlement Amount as required hereunder.  As such, in no case shall either the Settling Defendants or the Released Parties be responsible for payment of any portion of the Settlement Amount.

2.1    The Settling Defendants' and Released Parties' sole financial obligation to Lead Plaintiff, the Settlement Class Members and Plaintiff's Counsel under this Stipulation shall be as set forth in § 2.0, and under no circumstances shall the Settling Defendants, any Released Parties or Fusion's insurance carriers have any obligation to make any other or greater payment to them for any purpose pursuant to the Settlement. All payments made to Authorized Claimants pursuant to the Plan of Allocation as approved by the Court, the Fee and Expense Award by the Court to Lead Counsel for distribution by Lead Counsel in its discretion among itself and Plaintiff's Counsel involved in the Action, and any compensatory award to Lead Plaintiff as awarded by the Court, and all administrative and other approved expenses of the Settlement, including Taxes and Tax Expenses, shall be paid from the Settlement Fund.

#### b.    The Escrow Agent

2.2    At the written direction of Lead Counsel, the Settlement Fund shall be invested exclusively in instruments or accounts backed by the full faith and credit of the United States

Government or fully insured by the United States Government or an agency thereof, including a U.S. Treasury Fund or a bank account that is either (a) fully insured by the Federal Deposit Insurance Corporation or (b) secured by instruments backed by the full faith and credit of the United States Government.  At Lead Counsel's direction, the Escrow Agent shall reinvest the proceeds of these instruments as they mature in similar instruments at their then-current market rates.  The Settling Defendants and Released Parties shall not bear any responsibility for or liability related to the investment of the Settlement Fund by the Escrow Agent.

### c.    Handling and Disbursement of Funds by the Escrow Agent

2.3    Subject to further order and/or direction as may be made by the Court, the Escrow Agent is authorized to execute such transactions on behalf of the Settlement Class as are consistent with the terms of this Stipulation. The Escrow Agent shall not disburse the Settlement Fund except as provided in this Stipulation, by an order of the Court, or with the written agreement of Settling Defendants' counsel and Lead Counsel.

2.4    No monies will be disbursed from the Settlement Fund until after the Effective Date except as provided in ¶¶ 2.6–2.7 regarding Notice & Administration Costs, ¶ 2.8 regarding Taxes, and ¶ 7.1 regarding Attorneys' Fees and Expenses.

2.5    All funds held by the Escrow Agent shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as such funds shall be distributed or returned to the Persons who deposited such funds pursuant to this Stipulation and/or further order of the Court.  Once the Settlement and Judgment become Final, there shall be no reversion whatsoever of any of the Settlement Amount to any of the Settling Defendants or their insurance carriers.

### d. Notice & Administration Costs

2.6     At any time after the Court grants preliminary approval of the Settlement, the Escrow Agent may, without further approval from the Court or the Settling Defendants, disburse at the direction of Lead Counsel up to one hundred fifty thousand dollars ($150,000.00) from the Settlement Fund prior to the Effective Date to pay Notice and Administration Costs. The Escrow Agent shall maintain a record of all funds disbursed. Notice and Administration Costs in excess of $150,000.00 shall be disbursed from the Settlement Fund only with prior approval from the Court.

2.7     Lead Plaintiff and Plaintiff's Counsel, Settling Defendants and Settling Defendants' counsel, and the Released Parties shall not bear any liability for Notice and Administration Costs.

### e. Taxes

2.8     The following provisions shall govern the treatment of Taxes and Tax Expenses:

(a)     The Escrow Agent will, to the extent possible, agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1.  In addition, the Escrow Agent shall timely make such elections as necessary or advisable to carry out the provisions of this ¶ 2.8, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such elections shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of the Escrow Agent to timely and properly prepare and deliver the necessary documentation for signature by all necessary parties, and thereafter to cause the appropriate filing to occur.

(b)     The Escrow Agent shall timely and properly file all informational and other tax returns necessary or advisable with respect to the Settlement Fund (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such returns (as well as the election described in ¶ 2.8(a)) shall be consistent with this ¶ 2.8 and in all events shall reflect that all Taxes (including any estimated Taxes, interest or penalties on the income earned) shall be paid out of the Settlement Fund.

(c)     All Taxes and Tax Expenses relating to the income earned by the Settlement Fund shall be paid out of the Settlement Fund.

(d)     Taxes and Tax Expenses shall be treated as and considered to be a cost of administration of the Settlement and shall be timely paid by the Escrow Agent out of the Settlement Fund without prior order from the Court.

(e)     Settling Defendants, Settling Defendants' counsel, the Released Parties, Lead Plaintiff, the Settlement Class Members, and Plaintiff's Counsel shall have no liability or responsibility for Taxes and Tax Expenses.  The Escrow Agent shall indemnify and hold each of the Settling Defendants, Settling Defendants' counsel, the Released Parties, Lead Plaintiff, the Settlement Class Members, and Plaintiff's Counsel harmless for Taxes and Tax Expenses (including, without limitation, Taxes payable by reason of any such indemnification).

(f)     The Escrow Agent shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay expenses relating to the establishment of adequate reserves for any Taxes and Tax Expenses (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)). Neither Settling Defendants, Settling Defendants' counsel, the Released Parties, Lead

DocuSign Envelope ID: 2E15185E-405F-4708-8B78-AB915A68C0D3

Plaintiff, the Settlement Class Members nor Plaintiff's Counsel are responsible therefor, nor shall they have any liability with respect thereto.

(g)     The Settling Parties agree to cooperate with the Escrow Agent, each other, and their tax attorneys and accountants to the extent reasonably necessary to carry out the provisions of this ¶ 2.8.  Upon written request, the Settling Defendants agree to promptly provide the Escrow Agent with the statement described in Treasury Regulation § 1.468B-3(e).

### f.    Termination of Settlement

2.9    The Defendants shall, acting collectively, have the right to terminate the Settlement and this Stipulation, notwithstanding preliminary approval that may be provided by the Court, by providing written notice of their election to do so to all other Settling Parties within ten (10) business days of: (a) the Court's declining to enter the Preliminary Approval Order in any material respect without leave to amend and resubmit; (b) the Court's refusal to approve this Stipulation or any material part thereof without leave to amend and resubmit; (c) the Court's declining to enter the Judgment in any material respect without leave to amend and resubmit; or (e) the date upon which the Judgment is modified or reversed in any material respect by the Court of Appeals or the Supreme Court. Any decision with respect to any Plan of Allocation, Fee and Expense Award to Lead Counsel, or compensatory award to Lead Plaintiff shall not be considered material to this Stipulation and shall not be grounds for termination.

2.10    Lead Plaintiff shall have the right to terminate the Settlement and this Stipulation, notwithstanding preliminary approval that may be provided by the Court, by providing written notice of their election to do so to all other Settling Parties within ten (10) business days of: (a) the Court's declining to enter the Preliminary Approval Order in any material respect without leave to amend and resubmit; (b) the Court's refusal to approve this Stipulation or any material

DocuSign Envelope ID: 2E15185E-405F-4708-8B78-AB915A68C0D3

part thereof without leave to amend and resubmit; (c) the Court's declining to enter the Judgment

in any material respect as to Defendants without leave to amend and resubmit;; or (d) the date

upon which the Judgment is modified or reversed in any material respect by the Court of Appeals

or the Supreme Court. Any decision with respect to any Plan of Allocation, Fee and Expense

Award, or compensatory award shall not be considered material to this Stipulation and shall not

be grounds for termination.

2.11    If the Settlement Amount is not paid into the Escrow Account in accordance with

¶ 2.0 of this Stipulation, then Lead Plaintiff, on behalf of the Settlement Class, and not the

Settling Defendants, shall have the right to: (a) terminate the Settlement; or (b) reduce the

Settlement Amount to a judgment against the Settling Defendants and enforce the judgment

against Defendants, but only if (a) Lead Counsel has first notified Settling Defendants' counsel

in writing of Lead Plaintiff's intent to terminate or pursue a judgment pursuant to this paragraph,

and (b) the entire Settlement Amount is not deposited in the Escrow Account within ten (10)

business days after Lead Counsel has provided such written notice.

2.12    If, before the Settlement Fairness Hearing, any persons who otherwise would be

members of the Settlement Class have timely filed for exclusion from the Settlement Class in

accordance with the provisions of the Preliminary Approval Order and the notice given pursuant

thereto, and such persons in the aggregate have purchased a number of securities during the

Settlement Class Period in an amount greater than the sum specified in a separate supplemental

agreement ("Supplemental Agreement") between the Settling Parties, the Settling Defendants,

acting collectively and in their sole discretion, shall have the option to terminate this Stipulation

in accordance with the procedures set forth in the Supplemental Agreement. The Supplemental

Agreement shall not be filed with the Court and its terms shall not be disclosed in any other

manner (other than the statements herein and in the Notice, to the extent necessary, or as otherwise provided in the Supplemental Agreement) unless and until a dispute arises among the Settling Parties concerning its interpretation or application. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Settling Parties will undertake to have the Supplemental Agreement submitted to the Court in camera.

2.13    If (i) the Settling Defendants exercise their right to terminate the Settlement as provided in this Stipulation; or (ii) Lead Plaintiff exercise his right to terminate this Settlement as provided in this Stipulation, then:

(a)    The Settlement and the relevant portions of this Stipulation shall be canceled and terminated without prejudice, and this Stipulation shall be null and void and shall have no further force or effect (except for ¶¶ 2.9, 2.10, 2.11, 2.12, 8.2, 8.3, 8.4, 9.1, 9.16);

(b)    The Settlement Amount including any interest accrued thereon, less expenses actually incurred or due and owing for the Notice & Administration Costs pursuant to ¶ 2.6 above, shall be refunded by check or wire transfer in accordance with the instructions to be provided by counsel for the Settling Defendants; and

(c)    The Settling Parties shall revert to their respective positions in the Action prior to the execution of the Term Sheet, the execution of the Stipulation, and the entry of any orders pursuant to the Stipulation.

### D.    Class Certification

3.0    For the sole purpose of this Settlement, the Settling Parties hereby stipulate, agree, and consent to: (i) certification of the Action as a class action pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3); (b) appointment of Lead Plaintiff as class representative; and (c) appointment of Lead Counsel as class counsel pursuant to Fed. R. Civ. P. 23(g). Following execution of this

Stipulation, Lead Plaintiff, with consent of the Settling Defendants, shall apply to the Court for

entry of the Preliminary Approval Order substantially in the form attached as Exhibit A hereto,

which will certify the Action to proceed as a class action for settlement purposes only.  The

certification of the Settlement Class shall be binding only with respect to the Settlement and only

if the Judgment becomes Final.

       **E.**     **Preliminary Approval Order**

     4.0     Within fourteen (14) calendar days after execution of this Stipulation, Lead

Counsel and Settling Defendants' counsel shall jointly submit this Stipulation together with its

Exhibits to the Court and shall request entry of a Preliminary Approval Order (substantially in

the form of Exhibit A) that will, inter alia, (1) grant preliminary approval to the Settlement; (2)

certify the Settlement Class for settlement purposes only; (3) authorize dissemination of notice to

the Settlement Class substantially in the form of Exhibits A-1, A-3, and A-4 hereto, along with

provision of a Proof of Claim and Release Form substantially in the form of Exhibit A-2; and (4)

schedule the Settlement Fairness Hearing.

     4.1     The Notice shall describe the Settlement; the proposed Plan of Allocation; the

requests for a Fee and Expense Award for Lead Counsel, for distribution by Lead Counsel in its

discretion among itself and other Plaintiffs' Counsel that were involved in the Action, and a

compensatory award to Lead Plaintiff; the date of the Settlement Fairness Hearing; Settlement

Class Members' rights to opt out, object, or otherwise be heard with regard to these matters; and

Settlement Class Members' opportunity to file claims upon the Settlement Fund. The Stipulation

of Settlement, Notice, Proof of Claim and Release Form, and all papers submitted in support

thereof shall be posted on a website to be maintained by the Claims Administrator.

     4.2     Within ten (10) business days after the Court enters a Preliminary Approval

Order, Settling Defendants shall assist the Claims Administrator in obtaining, from Fusion's

transfer agent, at no cost to Lead Plaintiff or Plaintiff's Counsel, records of ownership sufficient to identify Settlement Class Members.  The cost, if any, associated with compiling and/or delivering these records from the transfer agent to the Claims Administrator shall be payable to the transfer agent from the Settlement Fund. Lead Plaintiff and the Claims Administrator agree to maintain this information in confidence and only for the purpose of administering the Settlement.

      **F.**    **Releases**

     5.0     The obligations incurred pursuant to this Stipulation shall be in full and final settlement of the Action as to the Settling Defendants, the Released Parties, and any and all Released Claims.

     5.1     Upon the Effective Date of the Settlement, Lead Plaintiff and all Settlement Class Members (whether or not they submit a Proof of Claim or share in the Settlement Fund) on behalf of themselves, their personal representatives, heirs, executors, administrators, and assigns, shall be deemed to have, and by operation of the Judgment shall have, fully, finally and forever released, relinquished and discharged each and every one of the Settlement Class Claims, and shall be deemed by the Settlement to, and shall be forever enjoined from prosecuting each and every one of the Settlement Class Claims.

     5.2     Upon the Effective Date of the Settlement, and as a material condition of the dismissal with prejudice of the Action, the Settling Defendants, on behalf of themselves, their personal representatives, heirs, executors, administrators, successors, and assigns; any of their current or former officers and directors; and all of the Released Parties shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever released, relinquished and discharged each and every one of the Defendant Claims, and shall be deemed by the Settlement to, and shall be forever enjoined from prosecuting each and every one of the Defendant Claims.

### G.    Administration and Calculation of Claims, Plan of Allocation, and Distribution of the Settlement Fund

6.0     The Claims Administrator shall administer and calculate the claims submitted by Settlement Class Members and shall oversee distribution of the Net Settlement Fund to Authorized Claimants. The distribution checks will be drawn upon the Net Settlement Fund.

6.1     Settling Defendants and their insurance carriers shall have no involvement in reviewing or challenging claims and shall have no responsibility or liability for the allocation of the Settlement Fund among the Settlement Class Members or the allocation of any Fee and Expense Award to Lead Counsel or compensatory award to Lead Plaintiff. Any such awards shall be paid solely by the Settlement Fund.

6.2     The Settlement Fund shall be applied as follows: to pay Taxes and Tax Expenses; to pay Notice & Administration Costs; to pay a Fee and Expense Award to Lead Counsel to the extent allowed by the Court; to pay a compensatory award to Lead Plaintiff to the extent allowed by the Court; and, upon Court approval, to distribute the Net Settlement Fund to the Authorized Claimants as allowed by this Stipulation, and the Plan of Allocation.

6.3     After the Effective Date, Lead Counsel, on behalf of Lead Plaintiff, shall apply to the Court, on notice to the Settling Defendants, for the Settlement Fund Distribution Order.  The Settlement Fund shall be distributed to the Authorized Claimants, pursuant to the Settlement Fund Distribution Order, only after the Effective Date and after (a) all claims have been processed, (b) all matters with respect to the Fee and Expense Application, the Fee and Expense Award, and any Settlement administration costs and expenses have been resolved by the Court and such resolution is Final; and (c) all costs of the Settlement administration have been paid. The Net Settlement Fund shall be distributed to Authorized Claimants subject to and in accordance with the following:

(i)     Each Settlement Class Member claiming to be an Authorized Claimant
shall be required to submit to the Claims Administrator a completed Proof of Claim,
substantially in the form of Exhibit A-2 hereto, supported by such documents as are designated
therein, including proof of the transactions claimed and the losses incurred thereon, or such other
documents or proof as the Claims Administrator, in its discretion, may deem acceptable;

(ii)     Except as otherwise ordered by the Court, all Settlement Class Members
who fail to timely submit a Proof of Claim and Release Form, or who file a Proof of Claim that
is rejected, shall be forever barred from receiving any payments pursuant to this Stipulation and
Settlement, but will in all other respects be subject to and bound by the provisions of this
Stipulation, the Releases, and the Judgment and will be barred and enjoined from bringing any
action against the Released Parties concerning the Released Claims. Notwithstanding the
foregoing, Lead Counsel shall have the discretion to accept late-submitted claims for processing
by the Claims Administrator but shall not incur any liability for declining to do so.

6.4     Each Claimant shall be deemed to have submitted to the jurisdiction of the Court
with respect to the Claimant's claim, and the claim will be subject to investigation and discovery
under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall
be limited to that Claimant's status as a Settlement Class Member and the validity of the amount
of the Claimant's claim. No discovery shall be allowed of the Claimants, whether on the merits
of the Action or Settlement or otherwise, in conjunction with the processing of the Proofs of
Claim.

6.5     Payment pursuant to this Stipulation shall be deemed final and conclusive against
all Claimants. No Person shall have any claim against Lead Plaintiff, Plaintiff's Counsel,
Settling Defendants, Settling Defendants' counsel, the Claims Administrator, the Escrow Agent

or any other agent designated by Lead Counsel based on distribution determinations or claim

rejections made substantially in accordance with this Stipulation and the Settlement contained

therein, the Plan of Allocation, or further orders of the Court.

6.6 The Net Settlement Fund shall be distributed to the Authorized Claimants

substantially in accordance with a Plan of Allocation designed by Lead Counsel, to be described

in the Notice, and approved by the Court. However, if there is any balance remaining in the Net

Settlement Fund after six (6) months from the date of distribution of the Net Settlement Fund

(whether by reason of tax refunds, uncashed checks or otherwise), the Claims Administrator

under the supervision of Lead Counsel shall, if feasible, reallocate such balance among

Authorized Claimants in an equitable and economic fashion. Thereafter, any balance that still

remains in the Net Settlement Fund shall be donated to a not-for-profit organization directed or

approved by the Court.

6.7 This is not a claims-made settlement. If all conditions of the Stipulation are

satisfied and the Settlement becomes Final, no portion of the Settlement Fund will be returned to

the Settling Defendants or their insurance carriers.

6.8 Settling Defendants, their insurance carriers, and their respective legal counsel

shall have no responsibility for, interest in, or liability whatsoever with respect to: (i) any act,

omission or determination of Lead Counsel, the Escrow Agent or the Claims Administrator, or

any of their respective designees or agents, in connection with the administration of the

Settlement or otherwise; (ii) the administration, management, investment, allocation or

distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination,

administration, calculation or payment of any claims asserted against the Settlement Fund; (v)

any losses suffered by, or fluctuations in the value of, the Settlement Fund; (vi) the payment or

withholding of any Taxes and Tax Expenses or (vii) any failure of Notice or failure to identify Settlement Class Members pursuant to ¶ 4.2 above.

6.9    It is understood and agreed by the Settling Parties that any proposed Plan of Allocation of the Net Settlement Fund including, but not limited to, any adjustments to an Authorized Claimant's claim set forth therein, is not a part of this Stipulation and is to be considered by the Court separately from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set forth in this Stipulation, and any order or proceedings relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Court's Judgment approving this Stipulation and the Settlement set forth therein, or any other orders entered pursuant to this Stipulation.

**H.    Attorneys' Fees and Expenses**

7.0    Lead Counsel may submit an application or applications (a "Fee and Expense Application") for payments to Lead Counsel from the Settlement Fund for: (a) an award of attorneys' fees; plus (b) reimbursement of actual costs and expenses, including without limitation the fees and expenses of experts, consultants, and investigators incurred in connection with prosecuting the Action. Lead Counsel reserves the right to make additional applications for fees and expenses incurred, if necessary.

7.1    Any award of attorneys' fees, costs, and expenses approved by the Court ("Fee and Expense Award") shall be payable to Lead Counsel, for distribution by Lead Counsel in its sole discretion among itself and the other Plaintiff's Counsel that were involved in the Action, solely from the Settlement Fund no later than three (3) business days after the entry of the Court's order awarding such fees and expenses, notwithstanding any timely filed objections thereto, or potential for appeal therefrom, or collateral attack on the Settlement or any part thereof, subject to the joint and several obligation of all counsel who receive any award of

DocuSign Envelope ID: 2E15185E-405F-4708-8B78-AB915A68C0D3

attorneys' fees and costs to refund such award to the Settlement Fund, plus interest earned

thereon if, as a result of any appeal and/or further proceedings on remand or successful collateral

attack, the award is lowered or the Settlement is disapproved by a Final order.

7.2      If the Fee and Expense Award is reduced or reversed on appeal, Lead Counsel

and any other Plaintiff's Counsel to whom Lead Counsel has distributed payments shall make all

necessary refunds and repayments into the Settlement Fund no later than thirty (30) calendar

days after Plaintiff's Counsel's receipt from the Court of notice of any order that reverses or

reduces any award of attorneys' fees or expenses, which shall be distributed by the Escrow

Agent to the Settlement Class pursuant to the manner directed in the Final order.

7.3      The Fee and Expense Application is to be considered by the Court separately

from the Court's consideration of the fairness, reasonableness and adequacy of the Settlement set

forth in this Stipulation.  Any order or proceedings relating to the Fee and Expense Application,

or any appeal from any order relating thereto or reversal or modification thereof, shall not

operate to modify, terminate or cancel this Stipulation, or affect or delay the finality of the

Judgment approving this Stipulation and the Settlement of the Action.

I.      **Effect of Disapproval, Cancellation or Termination**

8.0      The Effective Date shall be conditioned upon the occurrence of all of the

following events:

(a)      Approval by the Court of the Settlement, following the period set forth for CAFA

Notice, and following notice to the Settlement Class and the Settlement Fairness Hearing, as

prescribed by Fed. R. Civ. P. 23;

(b)      The Settlement Amount has been paid into the Settlement Fund; and

(c)      Entry by the Court of the Judgment, which has become Final, or in the event that

the Court enters an order of judgment not in all material respects in the form of the Judgment and

none of the Settling Parties elects to terminate this Settlement, the date that such alternative

judgment becomes Final.

Any appeal or delay in (i) the approval of the Plan of Allocation, (ii) the consideration of

any Fee and Expense Application, or (iii) the granting of a compensatory award to the Lead

Plaintiff or any Settlement Class Member, shall not affect, alter, or delay the occurrence of the

Effective Date.

8.1    Upon the occurrence of the Effective Date, any and all interest or right of Settling

Defendants in or to the Settlement Fund, if any, shall be absolutely and forever extinguished,

except as set forth in this Stipulation. The Settlement Fund shall be distributed in accordance

with ¶ 6.3 hereof.

8.2    Unless otherwise ordered by the Court, in the event this Stipulation is terminated,

or is canceled, or fails to become effective for any reason, no later than ten (10) business days

after written notification of such event is sent by Settling Defendants' counsel or Lead Counsel

to the Escrow Agent, subject to the terms of ¶¶ 2.9 or 2.10 hereof, the Settlement Amount

(including accrued interest), less any expenses and any costs which have either been properly

disbursed pursuant to ¶ 2.6 hereof, or are determined to be chargeable to the Settlement Fund or

the notice and administration of the Settlement pursuant to ¶ 2.6 hereof, shall be refunded by the

Escrow Agent to the appropriate sources of the funds in proportion to their contribution to the

Settlement Fund, plus accrued interest attributable to that amount, by check or wire transfer

pursuant to written instructions from Settling Defendants' counsel.

8.3    In the event this Settlement is terminated as provided in ¶¶ 2.9 or 2.10, then the

terms and provisions of this Stipulation, with the exception of ¶¶ 2.9, 2.10, 2.11, 2.12, 8.2, 8.3,

8.4, 9.1, 9.16 hereof, shall have no further force and effect and shall not be used in the Action or

in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of this Stipulation shall be treated as vacated, nunc pro tunc. No order of the Court or modification or reversal on appeal of any order of the Court concerning the Plan of Allocation or the amount of any attorneys' fees, costs, expenses and interest awarded by the Court to Lead Counsel shall constitute grounds for cancellation or termination of the Stipulation.

8.4    In the event this Settlement is terminated as provided in ¶¶ 2.9 or 2.10, Lead Plaintiff, the Settlement Class Members, Plaintiff's Counsel, the Claims Administrator, and the Escrow Agent shall not have any obligation to repay any Notice and Administration Costs actually and properly disbursed from the Settlement Fund.  In addition, any expenses already incurred and properly chargeable to Notice and Administration Costs pursuant to this Stipulation at the time of such termination or cancellation, but which have not been paid, shall be paid by the Escrow Agent in accordance with the terms of this Stipulation before the balance is refunded in accordance with ¶ 8.2.

**J.    Miscellaneous Provisions**

9.0    The Settling Defendants deny any wrongdoing whatsoever, and this Stipulation shall in no event be construed or deemed to be evidence of, or an admission or concession on the part of Settling Defendants with respect to, any claim of any fault or liability or wrongdoing or damage whatsoever, or any infirmity in any defenses that Settling Defendants have asserted or could assert in the Action or any other action.

9.1    This Stipulation, whether or not consummated, and any proceedings taken pursuant to it, shall not be deemed to be, and may not be, argued to be offered or received:

(a)    Against any of the Settling Defendants or the Released Parties as evidence of, or construed as evidence of, any presumption, concession, or admission by any of the Settling Defendants or the Released Parties with respect to the truth of any fact alleged by Lead Plaintiff

in the Action or the validity of any claim that has been or could have been asserted against any of

the Settling Defendants or the Released Parties in the Action, or the deficiency of any defense

that has been or could have been asserted in the Action, or of any wrongdoing or liability by any

of the Settling Defendants or the Released Parties.

(b)    Against any of the Settling Defendants or the Released Parties as evidence of, or

construed as evidence of, any presumption, concession, or admission of any fault,

misrepresentation, or omission with respect to any statement or written document approved or

made by any of the Settling Defendants.

(c)    Against any of the Settling Defendants, the Released Parties, Lead Plaintiff, or

any Settlement Class Member as evidence of, or construed as evidence of any presumption,

concession, or admission by any of the Settling Defendants, the Released Parties, Lead Plaintiff,

or any Settlement Class Member with respect to any liability, negligence, fault, or wrongdoing as

against any of the Settling Defendants, the Released Parties, Lead Plaintiff, or any Settlement

Class Member in any other civil, criminal, or administrative action or proceeding, other than

such proceedings as may be necessary to effectuate the provisions of this Stipulation, provided,

however, that if this Stipulation is approved by the Court, the Settling Defendants, the Released

Parties, Lead Plaintiff, and any Settlement Class Member may refer to it to effectuate the liability

protection granted them hereunder;

(d)    Against any of the Settling Defendants or the Released Parties as evidence of, or

construed as evidence of, any presumption, concession, or admission by any of them that the

Settlement Amount represents the amount which could or would have been received after trial of

the Action against them;

(e)     Against Lead Plaintiff or any Settlement Class Member as evidence of, or construed as evidence of, any presumption, concession, or admission by Lead Plaintiff or any Settlement Class Member that any of their claims are without merit, or that any defenses asserted by the Settling Defendants in the Action have any merit, or that damages recoverable in the Action would not have exceeded the Settlement Fund;

(f)     Against Lead Plaintiff or any Settlement Class Member or Plaintiff's Counsel as evidence of, or construed as evidence of, any infirmity of the claims alleged by Lead Plaintiff in the Amended Complaint or the Action or of any lack of merit to the claims or the Action or of any bad faith, dilatory motive, or inadequate prosecution of the claims or the Action; and

(g)     As evidence of, or construed as evidence of, any presumption, concession, or admission that class certification is appropriate in the Action, except for purposes of this Settlement.

9.2     The Settling Parties intend the Settlement to be a final and complete resolution of all disputes which have been asserted, could have been asserted, or could be asserted by Lead Plaintiff or the Settlement Class Members against the Settling Defendants and their counsel and all Released Parties concerning the Settlement Class Claims and against Lead Plaintiff and Settlement Class Members and their counsel by the Settling Defendants concerning the Defendant Claims.  Accordingly, Settling Parties agree not to assert in any forum that the litigation was brought by Lead Plaintiff or defended by the Settling Defendants in bad faith or without a reasonable basis.  The Settling Parties, and each of them, shall not assert or pursue any action, claim or rights that any party hereto violated any provision of Fed. R. Civ. P. 11 or otherwise seek reimbursement or shifting of attorneys' fees or other costs associated with the Action. The Settling Parties, and each of them, and their respective counsel agree that the Action

was resolved in good faith, following arm's length bargaining, and reflect a settlement that was reached voluntarily after consultation with experienced legal counsel.

9.3     The Settling Parties (a) acknowledge that it is their intent to consummate this Settlement; and (b) agree, subject to their fiduciary and other legal obligations, to cooperate to the extent reasonably necessary to effectuate and implement all terms and conditions of this Stipulation and to exercise their reasonable best efforts to accomplish the foregoing terms and conditions of this Stipulation. Subject to their fiduciary and legal obligations to their clients, Lead Counsel and Settling Defendants' counsel agree to cooperate with one another in seeking Court approval of the Preliminary Approval Order, the Stipulation, and the Settlement, and to use best efforts to promptly agree upon and execute all such other documentation as may be reasonably required to obtain final approval of the Settlement.

9.4     Neither Lead Plaintiff, the Settlement Class Members, nor the Settling Defendants shall be bound by this Stipulation if the Court modifies material terms thereof, provided, however, that it shall not be a basis for Settlement Class Members to terminate the Settlement if the Court modifies any proposed Plan of Allocation or criteria for allocation of the Net Settlement Fund amongst Settlement Class Members or if the Plan of Allocation is modified on appeal.  Nor shall it be a basis to terminate this Stipulation if the Court disapproves of or modifies the terms of this Stipulation with respect to the distribution of the Net Settlement Fund. Nor shall it be a basis to terminate this Stipulation if the Court denies, in whole or in part, Lead Counsel's Fee and Expense Application.

9.5     The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the

purpose of entering orders providing the Fee and Expense Award to Lead Counsel (including for distribution among any other Plaintiff's Counsel) and enforcing the terms of this Stipulation.

9.6     The headings used herein are used for the purpose of convenience only and are not meant to have legal effect.

9.7     The waiver by one Settling Party of any breach of this Stipulation by any other Settling Party shall not be deemed as a waiver by the waiving Settling Party of any other prior or subsequent breaches of this Stipulation or a waiver by any other Settling Party of any breach of this Stipulation.

9.8     All of the Exhibits to this Stipulation are material and integral parts hereof and are fully incorporated herein by this reference.  Notwithstanding the foregoing, in the event of a conflict or inconsistency between the terms of this Stipulation and the terms of any Exhibit attached hereto, the terms of this Stipulation shall prevail.

9.9     This Stipulation may be amended or modified only by a written instrument signed by or on behalf of all Settling Parties or their respective successors-in-interest.

9.10    Other than the Supplemental Agreement (as described in ¶ 2.12, *supra*), this Stipulation and the Exhibits attached hereto constitute the entire agreement among the Settling Parties and no representations, warranties, or inducements have been made to any party concerning this Stipulation or its Exhibits other than the representations, warranties and covenants contained and memorialized in such documents.

9.11    Each counsel or other Person executing this Stipulation, any of its Exhibits, or any related settlement documents on behalf of any party hereto hereby warrants and represents that such Person has the full authority to do so and that they have the authority to take appropriate action required or permitted to be taken pursuant to this Stipulation to effectuate its terms.

9.12    This Stipulation may be executed in one or more counterparts. All executed

counterparts and each of them shall be deemed to be one and the same instrument.

9.13    This Stipulation shall be binding upon, and inure to the benefit of, the successors,

heirs, and assigns of the Settling Parties.

9.14    The Court shall retain jurisdiction with respect to enforcement of the terms of this

Stipulation, and the Settling Parties submit to the jurisdiction of the Court for purposes of

enforcing the Settlement embodied in this Stipulation.

9.15    Any disputes arising out of finalizing and implementing this Stipulation or the

Settlement itself shall be resolved by JAMS mediator Jed Melnick.  If such mediation fails to

produce an agreed resolution, the dispute shall be submitted to the Court.

9.16    This Stipulation and the Exhibits thereto shall be considered to have been

negotiated, executed and delivered, and to be wholly performed, in the State of New York and

the rights and obligations of the Settling Parties shall be construed and enforced in accordance

with, and governed by, the internal, substantive laws of the State of New York without giving

effect to that State's choice of law principles.

9.17    This Stipulation is deemed to have been prepared by counsel for all Settling

Parties, as a result of arm's length negotiations among the Settling Parties.  As all Settling Parties

have contributed substantially and materially to the preparation of this Stipulation, it shall not be

construed more strictly against one party than another.

9.18    Whenever this Stipulation requires or contemplates that a Settling Party shall or

may give notice to the other, notice shall be in writing and shall be deemed to have been duly

given upon receipt of overnight courier, or emailed PDF or similar-format electronic document.

Notice shall be provided as follows:

|  |  |
|---|---|
| If to Lead Counsel, then to: | Laurence M. Rosen<br>Phillip C. Kim<br>Yu Shi<br>THE ROSEN LAW FIRM, P.A.<br>275 Madison Avenue, 40th Floor<br>New York, NY 10016<br>Tel: (212) 686-1060<br>Fax: (212) 202-3827<br>Email: lrosen@rosenlegal.com<br>         pkim@rosenlegal.com<br>         yshi@rosenlegal.com<br><br>Lead Counsel for Lead Plaintiff and the Settlement Class |
| If to Settling Defendants, then to: | David Kistenbroker<br>Joni Jacobsen<br>DECHERT LLP<br>35 West Wacker, Suite 3400<br>Chicago, IL 60601<br>Tel: (312) 646-5800<br>Fax: (312) 646-5858<br>Email:  david.kistenbroker@dechert.com<br>         joni.jacobsen@dechert.com<br><br>Counsel for Settling Defendants Kevin Dotts, Keith Soldan and Matt Rosen |

9.19    All time periods set forth herein shall be computed in calendar days unless otherwise expressly provided. In computing any period of time prescribed or allowed by this Stipulation or by order of the Court, the day of the act, event, or default from which the designated period of time begins to run shall not be included.

9.20    The Settling Parties reserve the right, subject to the Court's approval, to make any reasonable extensions of time that might be necessary to carry out any of the provisions of this Stipulation.

IN WITNESS WHEREOF, the Settling Parties have caused this Stipulation to be executed, by their duly authorized attorneys, dated June 8, 2020.

Phillip C. Kim
Laurence M. Rosen
Yu Shi
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016

*Lead Counsel for Lead Plaintiff and the Settlement Class*

David Kistenbroker
Joni Jacobsen
DECHERT LLP
35 West Wacker, Suite 3400
Chicago, IL 60601

*Counsel for Defendants Kevin Dotts and Keith Soldan and former defendant Matt Rosen*