EXHIBIT A

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF NEW YORK

ROBERT PATRON, individually and on behalf of all others similarly situated,

        Plaintiff,

KEVIN M. DOTTS and KEITH SOLDAN,

        Defendants.

Case No. 1:19-cv-05362-PGG

## [PROPOSED] ORDER GRANTING LEAD PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

WHEREAS, Lead Plaintiff Robert Patron ("Plaintiff") (on behalf of himself and each of the Class Members) ("Lead Plaintiff"), and defendants Kevin Dotts ("Dotts") and Keith Soldan ("Soldan") ("Defendants") and collectively with former defendant Matthew Rosen ("Rosen") (the "Settling Defendants"), through their respective counsel of record relating to the above-captioned litigation, have entered into the Stipulation of Settlement, dated June 8, 2020 (the "Settlement Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits annexed thereto, sets forth the terms and conditions for the proposed settlement and dismissal of the class action pending before the Court entitled *Patron v. Dotts and Soldan*, Case No. 1:19-cv-05362-PGG (S.D.N.Y.) (the "Action")[1]; and the Court having read and considered the Settlement Stipulation and the exhibits thereto and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order; and the Settling Parties having consented to the entry of this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 21 day of January , 2021 2020, that:

---

[1] The Action was originally filed as *Grand Slam Master Fund, Ltd. v. Rosen*.

EXHIBIT A

1.      Capitalized terms used herein have the meanings defined in the Settlement Stipulation.

2.      Pursuant to Rule 23(a) and (b)(3) of the Federal Rules of Civil Procedure and for the purposes of the Settlement only, the Action is hereby preliminarily certified as a class action on behalf of all Persons (including, without limitation, their beneficiaries) who purchased Fusion Connect, Inc. ("Fusion") common stock between May 11, 2018 and April 2, 2019, both dates inclusive.  Excluded from the Class are (i) the Settling Defendants, all current and former directors and officers of Fusion or Birch Communications Holdings, Inc., and the successors, heirs, and members of immediate families, assigns, and any entity in which any of the Defendants, or any person excluded under this subsection, has or had a majority ownership interest at any time; (ii) Opt-Outs; and (iii) Persons who have no compensable damages.

3.      This Court finds, preliminarily and for purposes of this Settlement only, that the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied in that: (a) the number of Settlement Class Members is so numerous that joinder of all members of the Settlement Class is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Lead Plaintiff are typical of the claims of the Settlement Class they seek to represent; (d) Lead Plaintiff fairly and adequately represents the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class predominate over any questions affecting only individual members of the Settlement Class; and (f) a class action is superior to other available methods for the fair and efficient adjudication of the Action.

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure, preliminarily and for the purposes of this Settlement only, Lead Plaintiff is certified as the class representative on

behalf of the Settlement Class ("Class Representative") and Lead Counsel, The Rosen Law Firm, P.A., previously selected by Lead Plaintiff and appointed by the Court, is hereby appointed as Lead Counsel for the Settlement Class ("Class Counsel").

5.      The Court finds that (a) the Settlement Stipulation resulted from good faith, arm's length negotiations, and (b) the Settlement Stipulation is sufficiently fair, reasonable and adequate to the Settlement Class Members to warrant providing notice of the Settlement to Settlement Class Members and holding a Settlement Hearing.

6.      The Court hereby preliminarily approves the Settlement, subject to further consideration at a hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e), which is hereby scheduled to be held before the Court on ____, 2020 at __:___ **May 20, 2021  at 11:30 a.m.** _.m. for the following purposes:

(a)      to determine finally whether the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b) are satisfied;

(b)      to determine finally whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

(c)      to determine finally whether the Order and Final Judgment as provided under the Settlement Stipulation should be entered, dismissing the Action on the merits and with prejudice, and to determine whether the release by the Releasing Parties of the Released Claims against the Released Parties, as set forth in the Settlement Stipulation, should be ordered, along with a permanent injunction barring efforts to prosecute or attempt to prosecute any Released Claims extinguished by the release against any of the Released Parties, as also set forth in the Settlement Stipulation;

(d)     to determine finally whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

(e)     to consider the application of Class Counsel for an award of attorneys' fees and expenses and a Compensatory Award to the Class Representative;

(f)     to consider Settlement Class Members' objections to the Settlement, if any, whether submitted previously in writing or presented orally at the Settlement Hearing by Settlement Class Members (or by counsel on their behalf) provided that they gave proper notice that they intend to appear at the Settlement Hearing; and

(g)     to rule upon such other matters as the Court may deem appropriate.

7.     The Court reserves the right to adjourn the Settlement Hearing to a later date and to approve the Settlement without modification, or with such modifications as may be agreed to by the Settling Parties, and with or without further notice of any kind. The Court further reserves the right to enter its Order and Final Judgment approving the Settlement and dismissing the Action, on the merits and with prejudice, regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and expenses.

8.     The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. In the event the Court decides to hold the Settlement Hearing telephonically or by other virtual means, Class Counsel will issue a press release on *GlobeNewswire* notifying Settlement Class Members, and the Claims Administrator will update its website regarding the Settlement Hearing's telephonic or virtual format.

9.   The Court approves the form, substance and requirements of (a) the Notice, (b) the Postcard Notice, (c) the Summary Notice, and (c) the Proof of Claim and Release Form, all of which are exhibits to the Settlement Stipulation.

10.   Class Counsel have the authority to enter into the Settlement on behalf of the Settlement Class and have the authority to act on behalf of the Settlement Class with respect to all acts or consents required by or that may be given pursuant to the Settlement Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

11.   For settlement purposes only, Strategic Claims Services is appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

12.   Within twenty-one (21) business days after (i) entry of an Order of Preliminary Approval of the Settlement, and (ii) transmission to Defendants' Counsel of payee information for the Notice Administration Fund (including the name, tax identification number, and Form W-9), the Settling Defendants shall cause to be wired or paid by check or draft, at the sole election of the Insurers, to the Escrow Agent eight hundred thousand dollars ($800,000) to be deposited into the Settlement Fund.

13.   The Escrow Agent may, at any time after entry of this Order and without further approval from Settling Defendants or the Court, disburse at the direction of Class Counsel up to $150,000.00 (One Hundred Fifty Thousand Dollars) from the Settlement Fund to pay Notice and Administration Costs.

14.   No later than fourteen (14) Business Days after entry of this Order, Fusion or its counsel, shall make reasonable efforts to provide, and/or cause its transfer agent to provide, to Class Counsel a list of the record owners of Fusion securities during the Class Period in a usable

electronic format, such as an excel spreadsheet. This information will be kept confidential and not used for any purpose other than to provide the notice contemplated by this Order.

15. Class Counsel, through the Claims Administrator, shall cause the Settlement Stipulation and its exhibits, this Order, a copy of the Notice, and the Proof of Claim and Release Form to be posted on the Claims Administrator's website within twenty-eight (28) calendar days after entry of this Order.

16. Class Counsel, through the Claims Administrator, shall cause the Publication Notice to be published electronically once on the *GlobeNewswire* and in print once in the *Investor's Business Daily* within twenty-eight (28) calendar days of entry of this Order. Class Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof of publication of the Publication Notice.

17. Class Counsel, through the Claims Administrator, shall cause the Postcard Notice, the Summary Notice, or links to the Notice and Proof of Claim and Release Form, substantially in the forms annexed to the Settlement Stipulation, (i) to be mailed, where disseminating the Postcard Notice, by first class mail, postage prepaid, within twenty-eight (28) calendar days of entry of this Order, to all Settlement Class Members who can be identified with reasonable effort by Class Counsel, through the Claims Administrator; or (ii) to be emailed, where disseminating the Summary Notice or links to the Notice and Proof of Claim and Release Form, within twenty-eight (28) calendar days of the entry of this Order, to all Settlement Class Members for whom email addresses may be obtained with reasonable effort, through the Claims Administrator.

18. Class Counsel, through the Claims Administrator, shall make all reasonable efforts to give notice to nominees or custodians who held Fusion common stock as record owners but not as beneficial owners. Such nominees or custodians shall, within ten (10) calendar

days of receipt of the notice, either: (i) request copies of the Postcard Notice sufficient to send the Postcard Notice to all beneficial owners for whom they are nominee or custodian, and within ten (10) calendar days after receipt thereof send copies to such beneficial owners; (ii) request an electronic copy of the Summary Notice and either email the Summary Notice in electronic format or links to the Notice and Proof of Claim and Release Form to each beneficial owner for whom they are nominee or custodian within ten (10) calendar days after receipt thereof; or (iii) provide the Claims Administrator with lists of the names, last known addresses and email addresses (to the extent known) of such beneficial owners, in which event the Claims Administrator shall promptly deliver the Summary Notice, if email addresses are available, or Postcard Notice to such beneficial owners, if last known addresses are provided. If the Claims Administrator receives an email address, it will send a Summary Notice electronically. Nominees or custodians who elect to email the Summary Notice or send the Postcard Notice to their beneficial owners shall send a written certification to the Claims Administrator confirming that the mailing has been made as directed. Copies of the Postcard Notice shall be made available to any nominee or custodian requesting same for the purpose of distribution to beneficial owners. The Claims Administrator shall, if requested, reimburse nominees or custodians out of the Settlement Fund solely for their reasonable out-of-pocket expenses incurred in providing notice to beneficial owners, which expenses would not have been incurred except for the providing of names and addresses, in amounts up to: (i) $0.05 per name and address provided; (ii) $0.05 per email for emailing notice; or (iii) $0.05 per postcard, plus postage at the pre-sort rate used by the Claims Administrator, for mailing the Postcard Notice, subject to further order of this Court with respect to any dispute concerning such reimbursement.

19.    Class Counsel shall, at least seven (7) calendar days before the Settlement Hearing, serve upon counsel for Defendants and file with the Court proof of the mailing and emailing of Notice, as required by this Order.

20.    The forms and methods set forth herein of notifying the Settlement Class Members of the Settlement and its terms and conditions meet the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, and Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms and conditions of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

21.    In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

(a)    A properly completed and executed Proof of Claim and Release Form must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than ____April 29, 2021____, 2020 (twenty-one (21) calendar days prior to the Settlement Hearing). Such deadline may be further extended by Order of the Court. Each Proof of Claim and Release Form shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first class mail) provided such Proof of Claim and Release Form is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim and Release Form submitted in any

other manner shall be deemed to have been submitted when it was actually received by the

Claims Administrator at the address designated in the Notice.

(b)      The Proof of Claim and Release Form submitted by each Settlement Class

Member must satisfy the following conditions: (i) it must be properly completed, signed and

submitted in a timely manner in accordance with the provisions of the preceding subparagraph;

(ii) it must be accompanied by adequate supporting documentation for the transactions reported

therein, in the form of broker confirmation slips, broker account statements, an authorized

statement from the broker containing the transactional information found in a broker

confirmation slip, or such other documentation as is deemed adequate by the Claims

Administrator or Class Counsel; (iii) if the person executing the Proof of Claim and Release

Form is acting in a representative capacity, a certification of his current authority to act on behalf

of the Settlement Class Member must be provided with the Proof of Claim and Release Form;

and (iv) the Proof of Claim and Release Form must be complete and contain no material

deletions or modifications of any of the printed matter contained therein and must be signed

under penalty of perjury.

(c)      Once the Claims Administrator has considered a timely submitted Proof of

Claim and Release Form, it shall determine whether such claim is valid, deficient or rejected. For

each claim determined to be either deficient or rejected, the Claims Administrator shall send a

deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so

determined. Persons who timely submit a Proof of Claim and Release Form that is deficient or

otherwise rejected shall be afforded a reasonable time (at least ten (10) calendar days) to cure

such deficiency if it shall appear that such deficiency may be cured. If any Claimant whose claim

has been rejected in whole or in part wishes to contest such rejection, the Claimant must, within

ten (10) calendar days after the date of mailing of the notice, serve upon the Claims

Administrator a notice and statement of reasons indicating the Claimant's ground for contesting

the rejection along with any supporting documentation, and requesting a review thereof by the

Court. If an issue concerning a claim cannot be otherwise resolved, Class Counsel shall

thereafter present the request for review to the Court.

> (d)      As part of the Proof of Claim and Release Form, each Settlement Class

Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and

shall, upon the Effective Date, release all claims as provided in the Settlement Stipulation. No

discovery shall be allowed on the merits of the Action or the Settlement in connection with

processing of the Proof of Claim and Release Forms, nor shall any discovery from or of Settling

Defendants be allowed on any topic.

22.      All Settlement Class Members who do not submit valid and timely Proof of Claim

and Release Forms will be forever barred from receiving any payments from the Net Settlement

Fund, but will in all other respects be subject to and bound by the provisions of the Settlement

Stipulation and the Order and Final Judgment, if entered.

23.      Settlement Class Members shall be bound by all determinations and judgments in

this Action whether favorable or unfavorable, unless such Persons request exclusion from the

Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class

Member wishing to make such request for exclusion shall mail it, in written form, by first class

mail, postage prepaid, or otherwise deliver it, so that it is received no later than _____, **April 29, 2021** ~~2020~~

(twenty-one (21) calendar days prior to the Settlement Hearing) (the "Exclusion Deadline"), to

the addresses listed in the Notice. In order to be valid, such request for exclusion (A) must

clearly indicate the name and address and phone number and e-mail contact information (if any)

of the Person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *Patron v. Dotts and Soldan*, Case No. 1:19-cv-05362-PGG (S.D.N.Y.).  In order to be valid, such request for exclusion must be submitted with documentary proof (i) of each purchase or acquisition and, if applicable, sale transaction of Fusion securities during the Settlement Class Period and (ii) demonstrating the Person's status as a beneficial owner of the Fusion securities. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Class Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

24. The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to counsel for the Settling Parties promptly as received, and in no case later than the Exclusion Deadline or upon the receipt thereof (if later than the Exclusion Deadline). The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

25. Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two (2) Business Days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

26. All Persons who submit a valid, timely and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

27. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, provided, however, that no Settlement Class

Member or other Person shall be heard or entitled to contest the approval of the terms and

conditions of the proposed Settlement or, if approved, the Order and Final Judgment, or any

other order relating thereto, unless that Person has served copies of any objections, papers and

briefs to each of the following counsel at least twenty-one (21) calendar days prior to the

Settlement Hearing Date:


CLASS COUNSEL:
Phillip C. Kim
Yu Shi
THE ROSEN LAW FIRM, P.A.
275 Madison Avenue, 40th Floor
New York, NY 10016
Tel: (212) 686-1060
Fax: (212) 202-3827


COUNSEL FOR DEFENDANTS:
David Kistenbroker
Joni Jacobsen
DECHERT LLP
35 West Wacker Drive, Suite 3400
Chicago, IL 60601

and that Person has (at least twenty-one (21) calendar days prior to the Settlement Hearing date)

filed said objections, papers and briefs, showing due proof of service upon counsel identified

above, with the Clerk of the Court, U.S. District Court, Southern District of New York, Thurgood

Marshall, United States Courthouse, 40 Foley Square, New York, NY 10007.  To be valid, any

such objection must contain the Settlement Class Member's (1) name, address, and telephone

number; (2) a list of all purchases and sales of Fusion securities during the Settlement Class

Period in order to show membership in the Settlement Class; (3) all grounds for the objection,

including any legal support known to the Settlement Class Member and/or his, her, or its counsel;

(4) the name, address and telephone number of all counsel who represent the Settlement Class

Member, including former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times the Settlement Class Member and/or his, her, or its counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary, but Persons wishing to be heard orally in opposition to the approval of the Settlement Stipulation, the Plan of Allocation, and/or the Fee and Expense Application are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

28.     Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Settlement Stipulation and by all proceedings, orders and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in this Action.

29.     The Court reserves the right to adjourn the Settlement Hearing without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

30.     All papers in support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed and served no later than twenty-eight (28) calendar days before the Settlement Hearing.

31.     Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

32.     The Settling Defendants, their counsel, their Insurers and other Released Parties shall have no responsibility for, or liability with respect to, the Plan of Allocation or any application for attorneys' fees and interest, or expenses or payments to the Class Representative submitted by Class Counsel, and such matters will be considered separately from the fairness, reasonableness, and adequacy of the Settlement.

33.     Pending final determination of whether the Settlement should be approved, all Releasing Parties shall be enjoined from commencing, prosecuting, or attempting to prosecute any Released Claims against any Released Party in any court or tribunal or proceeding. Unless and until the Settlement Stipulation is cancelled and terminated pursuant to the Settlement Stipulation, all proceedings in the Action, other than such proceedings as may be necessary to carry out the terms and conditions of the Settlement Stipulation, are hereby stayed and suspended until further order of the Court.

34.     All funds held by the Escrow Agent shall be deemed and considered to be in the custody of the Court, and shall remain subject to the jurisdiction of the Court, until such time as

14

such funds shall be distributed or returned pursuant to the Settlement Stipulation and Plan of Allocation and/or further order(s) of the Court.

35.     Neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, shall be construed as an admission or concession by the Settling Defendants, their counsel, their Insurers or any of the other Released Parties of the truth of any of the allegations in the Action, or of any liability, fault, or wrongdoing or any kind and shall not be construed as, or deemed to be evidence of or an admission or concession that Class Representative or any Settlement Class Members have suffered any damages, harm, or loss. Further, neither the Settlement Stipulation, nor any of its terms or provisions, nor any of the negotiations or proceedings connected with it, nor this Order shall be construed as an admission or concession by the Class Representative of the validity of any factual or legal defense or of the infirmity of any of the claims or facts alleged in this Action.

36.     In the event the Settlement is not consummated in accordance with the terms of the Settlement Stipulation, then the Settlement Stipulation and this Order (including any amendment(s) thereof, and except as expressly provided in the Settlement Stipulation or by order of the Court) shall be null and void, of no further force or effect, and without prejudice to any Settling Party, and may not be introduced as evidence or used in any action or proceeding by any Person against the Settling Parties or the Released Parties, and each Settling Party shall be restored to his, her or its respective litigation positions as they existed prior to April 1, 2020, pursuant to the terms of the Settlement Stipulation.

37.     The Court reserves the right to alter the time or the date of the Settlement Hearing without further notice to the Class Members, provided that the time or the date of the Settlement Hearing shall not be set at a time or date earlier than the time and date set forth in ¶ 6 above. The

Court retains exclusive jurisdiction over the Action to consider all further matters arising out of, or relating to, the Settlement Stipulation, including by way of illustration and not limitation, any dispute concerning any Proof of Claim and Release Form submitted and any future requests by one or more of the Parties that the Order and Final Judgment, the releases and/or the permanent injunction set forth in the Settlement Stipulation be enforced.

**January 21, 2021**

Dated: _____, 2020

_____
HON. PAUL G. GARDEPHE
UNITED STATES DISTRICT JUDGE