**THE ROSEN LAW FIRM, P.A.**
Laurence Rosen (LR 5733)
Phillip Kim (PK 9384)
Yu Shi (YS 2182)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827
Email: info@rosenlegal.com

*Lead Counsel for Lead Plaintiff
and the Class*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| ROBERT PATRON, Individually and On Behalf of All Others Similarly Situated,<br><br>    Plaintiffs,<br><br>v.<br><br>KEVIN M. DOTTS and KEITH SOLDAN<br><br>    Defendants. | Case No. 1:19-cv-05362-PGG<br><br>CLASS ACTION |

**REPLY MEMORANDUM OF LAW IN SUPPORT OF LEAD PLAINTIFF'S MOTIONS FOR: (1) FINAL APPROVAL OF PROPOSED CLASS ACTION SETTLEMENT; AND (2) AN AWARD OF ATTORNEYS' FEES, <u>REIMBURSEMENT OF EXPENSES, AND AWARD TO LEAD PLAINTIFF</u>**

Lead Plaintiff Robert Patron ("Lead Plaintiff"), on behalf of himself and the Settlement Class, submit this reply memorandum of law in further support of his motions: (1) for final approval of the proposed class action settlement; and (2) for an award of attorneys' fees, reimbursement of expenses, and an award to Lead Plaintiff. Lead Plaintiff also submit the Supplemental Declaration of Sarah Evans Concerning: (A) Mailing of the Postcard Notice; and (B) Report on Requests for Exclusion Received and Objections, dated May 13, 2021 ("Supp. Evans Decl."), filed herewith as Exhibit 1, in support of their motions. Unless otherwise indicated, all capitalized terms have the meanings ascribed to them in the Stipulation of Settlement filed with the Court on June 10, 2020. ECF No. 50.

The Court-ordered deadline for Settlement Class Members to object to the Settlement, Plan of Allocation, requested attorneys' fees and expenses, or requested award to Lead Plaintiff, or to opt out of the Settlement Class, was April 29, 2021. To date, not one objection has been filed (timely or otherwise) and there have been no request for exclusion from any Settlement Class Member.[1] Supp. Evans Decl. ¶¶6-7.

The reaction of the Settlement Class strongly supports approval of the Settlement and requested attorneys' fees, expenses, and award to Lead Plaintiff. The Court should enter the [Proposed] Order and Final Judgment (ECF No. 58-1), and the [Proposed] Order Awarding Attorneys' Fees, Reimbursement of Expenses, and Award to Lead Plaintiff (ECF No. 60-1).

## I.    The Lack of Objections Supports Final Approval

A "[l]ack of objection is strong evidence of the settlement's fairness." *In re Luxottica Grp. S.p.A. Sec. Litig.*, 233 F.R.D. 306, 311 (E.D.N.Y. 2006); *City of Detroit v. Grinnell Corp.*, 495

---

[1] The claims administrator previously received a request for exclusion from an individual who is not a member of the Settlement Class. Supp. Evans Decl. ¶6.

F.2d 448, 462 (2d Cir. 1974) (approving settlement where 20 objectors appeared from group of 14,156 claimants). "Indeed, the favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in our *Grinnell* inquiry." *Wal-Mart, Inc. v. Visa U.S.A., Inc.,* 396 F.3d 96, 119 (2d Cir. 2005).

Here, the Claims Administrator completed a robust notice program that the Court approved which included mailing and emailing 1,256 letters to Nominee Account Holders and Institutional Groups, mailing 3,077 Postcard Notices to identifiable Settlement Class Members, disseminating Summary Notice electronically over *GlobeNewswire*, and publishing all relevant Settlement documents on the Claims Administrator's website. Supp. Evans Decl. ¶¶3-5; Evans Decl. ¶¶5,9 (Dkt. No. 62-1). Additionally, one nominee notified the Claims Administrator that it emailed the Notice and Claim Form to 682 of its customers. Supp. Evans Decl. ¶3. No Settlement Class Member objected to any aspect of the Settlement, the Plan of Allocation, the requested attorneys' fees and expenses, or the requested award to Lead Plaintiff. Supp. Evans Decl. ¶7.

The lack of any objections also supports awarding the requested attorneys' fees and expenses, the amounts of which were included in the Notice. *See In re Telik, Inc. Sec. Litig.,* 576 F. Supp. 2d 570, 594 (S.D.N.Y. 2008) ("That only one objection to the fee request was received is powerful evidence that the requested fee is fair and reasonable."); *see also In re Crazy Eddie Sec. Litig.,* 824 F. Supp. 320, 327 (E.D.N.Y. 1993) (lack of objections to requested fee supported its reasonableness).

## II.    That No Settlement Class Members Opted Out Supports Final Approval

The deadline to opt out of the Settlement was April 29, 2021. To date, not a single Settlement Class Member has requested exclusion from the Settlement. Supp. Evans Decl. ¶6. The lack of opt-outs strongly supports final approval. *See, e.g., Luxottica*, 233 F.R.D. at 312 (lack of requests for exclusion from settlement "strongly supports approval of the settlement"); *Morris v.*

2

*Affinity Health Plan, Inc.*, 859 F. Supp. 2d 611, 619 (S.D.N.Y. 2012) (where only 16 of 1,500 class members requested exclusion from the settlement, the "response demonstrate[d] strong support for the settlement.").

### III.    The Number of Claims Filed, and Payout to Settlement Class Members, Demonstrate Robustness of Notice Program and Supports Final Approval

The Claims Administrator has received 1,206 claims to date, of which 220 are valid claims. Supp. Evans Decl. ¶9.  The valid claims have a total Recognized Loss of $4,911,454 as calculated under the Plan of Allocation. *Id*. The number of valid claims may increase as a result of claimants curing deficiencies in their submitted claims. *Id*. Currently, the percentage of recovery for each valid claimant based on the $800,000 Settlement Fund is 16.3%. After deducting the requested attorneys' fee and expenses and award to Lead Plaintiff, Settlement Class Members who filed valid claims will recover approximately 11% of their Recognized Losses, distributed on a *pro rata* basis pursuant to the Plan of Allocation. Given that there were extremely limited funds available to pay a settlement, as well as the substantial risk that Lead Plaintiff might not prevail against Defendant's pending motion to dismiss, this is a favorable result for Settlement Class Members and further supports final approval of the Settlement. Moreover, the large number of claims submitted demonstrates that the notice program was adequate.

### CONCLUSION

For the reasons stated herein and in Lead Plaintiff's previously filed memoranda, Lead Plaintiff respectfully submits that the Court should enter the [Proposed] Order and Final Judgment (ECF No. 58-1), and the [Proposed] Order Awarding Attorneys' Fees, Reimbursement of Expenses, and Award to Lead Plaintiff (ECF No. 60-1).

Dated:  May 13, 2021

Respectfully submitted,

**THE ROSEN LAW FIRM, P.A.**

By: */s/ Yu Shi*
Laurence Rosen (LR 5733)
Phillip Kim (PK 9384)
Yu Shi (YS 2182)
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Fax: (212) 202-3827

*Lead Counsel for Lead Plaintiff
and the Class*

**WOLF HALDENSTEIN
ADLER FREEMAN & HERZ LLP**
Matthew M. Guiney
270 Madison Avenue
New York, NY 10016
Telephone: (212) 545-4600
Fax: (212) 686-0114

*Additional Counsel for Lead Plaintiff
and the Class*

4

## CERTIFICATE OF SERVICE

I hereby certify that on May 13, 2021, a true and correct copy of the foregoing document was served by CM/ECF to the parties registered to the Court's CM/ECF system.

*/s/ Yu Shi*
Yu Shi